BECKER v. COLONIAL LIFE INS. CO.

(Supreme Court, Special Term, Kings County. January 24, 1912.)

INSURANCE (§ 134*)—AVOIDANCE OF POLICY FOR MISREPRESENTATIONS—CONTENTS OF POLICY—STATUTORY PROVISIONS.

Under Laws 1906, c. 326, § 16, amending the insurance law (Laws 1892, c. 690) by adding section 58, providing that all insurance policies shall contain the entire contract, and that nothing shall be incorporated therein by reference, without an attachment to the policy of the constitution, by-laws, etc., incorporated, where no reference is made in a policy to the questions and answers made at a medical examination of the applicant, such matters are ineffectual to avoid the policy for fraud.

[Ed. Note.—For other cases, see Insurance, Dec. Dig. § 134.*]

Action by Edward A. Becker, executor, against the Colonial Life Insurance Company. On motion to strike out allegations in answer. Granted.

H. H. Glass, for plaintiff.
Magner & Carew, for defendant.

KELLY, J. I think the plaintiff's motion to strike out the allegation in the answer relating to the statements said to have been made by the assured to the medical examiner must be granted. The action is brought upon a policy of insurance issued by the defendant upon the life of plaintiff's testator and payable to his executors. The policy is set forth at length, a copy being attached to the complaint, and all the facts alleged in the complaint are admitted. Defendant, after pleading alleged misstatements by the assured in the application for insurance, which is referred to in the policy and a copy of which was printed therein, sets up, in addition, alleged misstatements made to the defendant's medical examiner, and defendant alleges that the misstatements were made fraudulently, with intent to deceive, and that they did deceive, the defendant. The plaintiff moves to strike out these statements to the medical examiner, because the medical examination and the questions and answers at such examination are in no way referred to in the policy of insurance.

Such is the fact, and I am free to say that it appears unusual that no reference is made to the statements made to the medical examiner, or to the medical examination, either in the policy itself or in the application. These statements or the examination are not referred to as a basis or consideration for the issuance of the policy. In 1906, the insurance law of this state was amended (Laws 1906, c. 326, § 16) by the insertion of section 58, which expressly provides that every policy of life insurance issued after January 1, 1907—

"shall contain the entire contract between the parties and nothing shall be incorporated therein by reference to any constitution, by-laws, rules, applications or other writings, unless the same are endorsed upon or attached to the policy when issued, and all statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warranties. Any waiver of the provisions of this section shall be void."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

I think the manifest intention of the Legislature was to require that corporations engaged in this kind of business should set forth plainly on the face of the policy the contract of insurance and the consideration therefor, including any statements or representations leading it to enter into the agreement. The form of the policy, its preparation, etc., are left to the insurance company. If the statements made at the medical examination are important, it is very easy to refer to them. That the provisions of the statute were before the parties is indicated by the condition printed on the policy, as follows:

"Entire Policy.—This policy and the application therefor, a copy of which is indorsed hereon, constitute the entire contract between the parties hereto, and all statements purporting to be made by the insured shall, in the absence of fraud, be deemed representations and not warrants."

As already stated, there is no word referring to the medical examination or the answers made to the medical examiner. It seems to me that to allow the defendant to avail itself of matters not referred to in the policy would be to defeat the intention of the legislative enactment, which was designed to stop this very thing.

The learned counsel for defendant urges that the law does not require the company to print the medical examination or to refer to it. That is true; but it does say that if the company relies upon the examination, or if false statements made thereon are to be availed of as a defense, then the medical examination must be referred to. While no decision can be found in this state on this question, similar statutes have been construed in accordance with the views above expressed in Rauen v. Prudential Ins. Co., 129 Iowa, 729, 106 N. W. 198, Kirkpatrick v. London Co., 139 Iowa, 370, 115 N. W. 1107, 19 L. R. A. (N. S.) 102, and Imperial Ins. Co. v. Dundam, 117 Pa. 460, 12 Atl. 668, 2 Am. St. Rep. 686. It is the duty of the court to give effect to the statute, and to so construe it that this reasonable and salutary improvement in the law shall be carried out.

The motion is therefore granted.